1

William C. Rava (*pro hac vice* forthcoming)
WRava@perkinscoie.com

2

PERKINS COIE LLP
1201 Third Avenue, Suite 4900

3

Seattle, WA  98101
Telephone:  206.359.8000

4

Facsimile:  206.359.9000

5

Andrew N. Klein, CA Bar No. 300221
AKlein@perkinscoie.com

6

PERKINS COIE LLP
3150 Porter Drive

7

Palo Alto, CA  95130
Telephone:  650.838.4300

8

Facsimile:  650.838.4350

9

Attorneys for Plaintiff
EPIC GAMES, INC.

10

11

UNITED STATES DISTRICT COURT

12

NORTHERN DISTRICT OF CALIFORNIA

13

14

EPIC GAMES, INC., a Maryland
corporation,

15

Plaintiff,

16

v.

17

ROBIN KREIBICH, an individual,

18

Defendant.

Case No.

**COMPLAINT FOR:**

**(1)** **COPYRIGHT INFRINGEMENT**
**(2)** **CONTRIBUTORY COPYRIGHT**
     **INFRINGEMENT**
**(3)** **BREACH OF CONTRACT**
**(4)** **CALIFORNIA UNFAIR**
     **COMPETITION**

**DEMAND FOR JURY TRIAL**

19

20

21

22

23

24

25

26

27

28

1    Plaintiff Epic Games, Inc. ("Epic"), for its Complaint against Defendant Robin Kreibich,

2    by and through its undersigned counsel alleges as follows:

3                              **INTRODUCTION**

4    1.    Epic is the author and owner of all rights in Paragon, a third-person multiplayer

5    online battle arena video game.  Epic seeks injunctive relief and damages arising from

6    Defendant's development, use, advertising, and sale of a software hack and associated videos that

7    exploit Paragon, in violation of Epic's copyrights and in breach of Epic's Terms of Service

8    ("Terms") and the Paragon End User License Agreement ("EULA").

9                                 **PARTIES**

10   2.    Epic is a Maryland corporation, with its principal place of business in Cary, North

11   Carolina.

12   3.    On information and belief, Defendant Robin Kreibich is an individual who resides

13   in Kostanz, Germany.

14                             **JURISDICTION**

15   4.    This Court has subject matter jurisdiction over the federal claims asserted herein

16   pursuant to 28 U.S.C. §§ 1331 and 1338 because this action alleges violations of the Copyright

17   Act (17 U.S.C. § 101, *et seq.*).  This Court has supplemental jurisdiction over the remaining

18   claims under 28 U.S.C. § 1367.

19   5.    This Court has personal jurisdiction over Defendant because Defendant consented

20   to jurisdiction in this judicial district.  This Court also has personal jurisdiction over Defendant

21   because Defendant intentionally directed his unlawful activities to this District.

22   6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a

23   substantial part of the events or omissions giving rise to this action occurred in this District and

24   because, as described below, Defendant consented to jurisdiction in this judicial district.  Venue is

25   also proper in this judicial district under 28 U.S.C. § 1391(c)(3) in that Defendant, a resident of

26   Germany, may be sued in any judicial district in the United States.

27

28

**INTRADISTRICT ASSIGNMENT**

7.     This is an intellectual property action to be assigned on a district-wide basis under Civil Local Rule 3-2(c).

**EPIC'S SERVICES**

8.     Founded in 1991, Epic is a leading video game developer for PC, console, and mobile platforms.

9.     In or about March 2013, Epic began developing an online video game that would become Paragon.  Paragon is a multiplayer online battle arena game in which two teams of five players compete to destroy each other's base.

10.     Paragon was announced publicly on November 3, 2015.

11.     In March 2016, Epic placed Paragon in an "early-access" program wherein individuals can pay for access to an early, unfinished version of the game.  While in "early-access" individuals who pay and agree to the Terms and EULA can download, install, and play Paragon on a PC or PlayStation 4.

12.     Epic provides its early-access users with customer support, software updates, new content, and access to its online servers in order to play Paragon.

13.     Paragon's open beta release is scheduled for later this year.

**EPIC'S COPYRIGHTS IN PARAGON**

14.     Epic is the author and owner of all copyrights in Paragon, including but not limited to its maps, items, characters, user interface, and software.

15.     Paragon is copyrightable subject matter under the laws of the United States.

16.     Epic applied for a federal copyright registration for Paragon on March 2, 2016.

**EPIC'S TERMS OF SERVICE**

17.     In order to use or access Epic's websites, services, products, or content, a user must agree to the Terms.

18.     The Terms provide that "[t]he Services, including all content, features, and functionality thereof, are owned by Epic, its licensors, or other providers of such material and are protected by United States and international copyright . . . laws."

COMPLAINT

19.     Additionally, the Terms state that users "are permitted to use the Services for [] personal, non-commercial use only or legitimate business purposes related to [a user's] role as a current or prospective customer of Epic.  Except as provided below, [users] must not copy, modify, create derivative works of, publicly display, publicly perform, republish, or transmit any of the material obtained through the Services, or delete, or alter any copyright, trademark, or other proprietary rights notices from copies of materials from the Services."

20.     Under the Terms, "[users] must not reproduce, sell, or exploit for any commercial purposes any part of the Services, access to the Services or use of the Services or any services or materials available through the Services."

21.     Moreover, "[users] may use the Services only for lawful purposes and in accordance with these Terms of Service.  [Users] agree not to access or use the Services for any purpose that is illegal or beyond the scope of the Services' intended use (in Epic's sole judgment)."

22.     Defendant agreed to be bound by the Terms by registering an account with Epic (in order to download and access Paragon) and by using Epic's services.

## PARAGON'S EULA

23.     In order to use or play Paragon, a user must affirmatively accept the EULA.

24.     The EULA grants users "a personal, non-exclusive, non-transferable, non-sublicensable limited right and license to install and use one copy of the Software on a device for [] personal entertainment use."

25.     Under the EULA, Paragon users may not, among other things:

    a.    "use it commercially or for a promotional purpose";

    b.    "copy, reproduce, distribute, display, or use it in a way that is not expressly authorized in this Agreement";

    c.    "reverse engineer, derive source code from, modify, adapt, translate, decompile, or disassemble it or make derivative works based on it"; or

    d.    "create, develop, distribute, or use any unauthorized software programs to gain advantage in any online or other game modes."

26.     Defendant agreed to abide by the EULA by downloading and accessing Paragon.

**DEFENDANT'S UNLAWFUL ACTS**

27.     Defendant downloaded and accessed Paragon.

28.     On information and belief, Defendant created, developed, and/or wrote a software hack for Paragon.

29.     Defendant advertises the hack at https://www.systemcheats.net/cheats-hacks-aimbots/paragon-cheat-hack-aimbot/.  Attached hereto as Exhibit A is a copy of the webpage on which Defendant advertises the software hack.

30.     Defendant states that his hack offers, among other things, an Aimbot, Triggerbot, 3D Radar, and 2D Radar.  Defendant claims that his hack is the "world[']s most powerful hack for Paragon."  Defendant advertises that "[his] aimbot gives you full control over the game, you can rage or play legit like a pro."  Defendant also claims that his "hack is fully customizable for all your hacking needs.  For example you can change the speed that the aimbot aims using Smooth Aim.  This way you won't look like a hacker and yet be the best player in the game.  You can limit the aim angle of the aimbot as well.  Our 3D Radar and 2D Radar give you full overview of the map, you will always see an enemy!  Our 2D Radar gives you the ability to see if there is anyone sneaking behind you."  Finally, Defendant touts that "you don't have to worry about any anti-cheat either since our cheat is fully undetected!"

**EPIC'S TAKEDOWN NOTICES**

31.     Defendant created videos demonstrating the software hack.

32.     Defendant posted these videos on YouTube to promote, advertise, and sell the software hack.

33.     On June 1 and June 6, 2016, Epic sent takedown notices to YouTube pursuant to the Digital Millennium Copyright Act.

34.     YouTube took down the infringing videos.

35.     On June 8, 2016, Defendant filed counter-notifications with YouTube for both videos.

1    36.    By submitting counter-notifications, Defendant consented to the jurisdiction of the

2    Northern District of California.  Specifically, Defendant attested:  "I consent to . . . if my address

3    is outside of the United States, the judicial district in which YouTube is located, and will accept

4    service of process from the claimant."

5    37.    On information and belief, YouTube is subject to the jurisdiction of the Northern

6    District of California.

7
                            **FIRST CLAIM FOR RELIEF**
                              **Copyright Infringement**
8                            **(17 U.S.C § 501 *et seq.*)**

9    38.    Epic realleges and incorporates by reference the allegations in the preceding

10   paragraphs as if fully set forth herein.

11   39.    Paragon constitutes an original work of authorship and copyrightable subject

12   matter under the laws of the United States.

13   40.    Epic owns or has exclusive rights to all right, title, and interest in Paragon.

14   41.    Defendant had access to Paragon.

15   42.    Defendant's hack and videos demonstrating the hack infringe Epic's copyrights in

16   Paragon by copying, reproducing, preparing derivative works from, and/or displaying Paragon

17   publicly without Epic's permission.

18   43.    Defendant's copies, reproductions, derivative works, and displays are identical

19   and/or substantially similar to Paragon.

20   44.    Defendant's actions were and are willful.

21   45.    Epic has been and will continue to be damaged by Defendant's unlawful

22   infringement of Paragon in an amount to be proven at trial.

23   46.    Defendant's conduct has caused irreparable harm to Epic, and, unless enjoined,

24   will cause further irreparable harm for which Epic has no adequate remedy at law.

25   47.    Epic is entitled to relief pursuant to 17 U.S.C. §§ 502-505, including, but not

26   limited to, injunctive relief, an order for the impounding and destruction of Defendant's

27   infringing copies and/or derivative works, compensatory damages (including, but not limited to

28

1 | actual damages and/or Defendant's profits), statutory damages, punitive damages, and Epic's

2 | costs and attorneys' fees in amounts to be determined at trial.

3 | **SECOND CLAIM FOR RELIEF**<br>**Contributory Copyright Infringement**<br>**(17 U.S.C § 501 *et seq.*)**

4 |

5 | 48.    Epic realleges and incorporates by reference the allegations in the preceding

6 | paragraphs as if fully set forth herein.

7 | 49.    Defendant provides his customers with the means to create derivative works of

8 | Paragon without Epic's consent.

9 | 50.    Defendant's customers directly infringe Epic's copyrights by preparing derivative

10 | works from Paragon without the consent or authority of Epic.

11 | 51.    Defendant has engaged and continues to engage in the business of knowingly and

12 | systematically inducing, causing, and/or materially contributing to unauthorized copying,

13 | reproduction, preparation of derivative works from, distribution of copies to the public and/or

14 | public display of Paragon by Defendant's users and thus to the direct infringement of Paragon.

15 | 52.    Defendant's conduct constitutes contributory copyright infringement.

16 | 53.    Defendant's actions were and are willful.

17 | 54.    Epic has been and will continue to be damaged by Defendant's unlawful

18 | contributory infringement of Paragon in an amount to be proven at trial.

19 | 55.    Defendant's conduct has caused irreparable harm to Epic, and, unless enjoined,

20 | will cause further irreparable harm for which Epic has no adequate remedy at law.

21 | 56.    Epic is entitled to the relief provided by 17 U.S.C. §§ 502-505, including, but not

22 | limited to, injunctive relief, an order for the impounding and destruction of Defendant's

23 | infringing copies and/or derivative works, compensatory damages (including, but not limited to

24 | actual damages and/or Defendant's profits), statutory damages, punitive damages, and Epic's

25 | costs and attorneys' fees in amounts to be determined at trial.

26 |

27 |

28 |

## THIRD CLAIM FOR RELIEF
### Breach of Contract

57.　　Epic realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

58.　　Access to and use of Epic's services is governed by and subject to the Terms. Access to and use of Paragon is governed by and subject to the EULA.

59.　　At all times relevant hereto, Epic prominently displayed and/or provided links to the Terms and EULA.  For instance, Epic users are presented with and must affirmatively accept the Terms to register for an Epic account, which is necessary to play Paragon on PC.  In addition, Epic prominently displayed links to the Terms at the bottom of Epic's webpages.  Paragon players are also presented with and must affirmatively accept the EULA to download and access Paragon.

60.　　Defendant agreed to abide by the Terms and EULA by registering an account with Epic, using the Epic services, and/or by accessing the Epic services to, among other things, download and access Paragon.

61.　　On information and belief, Defendant regularly accessed Epic's services with knowledge of the Terms and EULA.

62.　　The Terms and EULA are valid, enforceable contracts between Epic and Defendant.

63.　　Defendant has willfully, continuously, and materially breached the Terms and EULA by, for example:

　　　　a.　　Using Paragon for a commercial use and/or promotional purpose;

　　　　b.　　Copying, modifying, creating derivative works of, publicly displaying, publicly performing, republishing, and/or transmitting Paragon without permission from Epic;

　　　　c.　　Reproducing, selling, and/or exploiting Paragon for a commercial purpose;

　　　　d.　　Using Paragon for a purpose that is illegal or beyond the scope of Paragon's intended use;

1        e.      Reverse engineering, deriving source code from, modifying, adapting,

2                  translating, decompiling, or disassembling Paragon or making a derivative

3                  works based on it; and

4        f.      Creating, developing, distributing, or using unauthorized software

5                  programs to gain advantage in any online or other game modes.

6      64.      Epic has performed its obligations pursuant to the Terms and EULA.

7      65.      As a direct and proximate result of Defendant's breaches of the Terms and EULA,

8 Epic has been and will continue to be harmed, thereby entitling it to injunctive relief,

9 compensatory damages, attorneys' fees, costs, and/or other equitable relief against Defendant.

10

11

**FOURTH CLAIM FOR RELIEF**
**California Unfair Competition**
**(Cal. Bus. & Prof. Code § 17200, *et seq.*)**

12      66.      Epic realleges and incorporates by reference the allegations in the preceding

13 paragraphs as if fully set forth herein.

14      67.      Defendant has engaged in unlawful, unfair or fraudulent business practices that

15 have and will continue to injure Epic in its business or property.

16      68.      Defendant has engaged in violations of state and federal law, including the

17 following:  (a) infringing Epic's copyrights in Paragon; and (b) breaching the Terms and EULA.

18      69.      Defendant's acts alleged herein have caused monetary damage to Epic, in an

19 amount to be proven at trial, in the form of costs related to investigating and addressing

20 Defendant's unlawful activities and harm to goodwill.

21      70.      Defendant has caused and will continue to cause irreparable injury to Epic.  Epic,

22 therefore, is entitled to an order enjoining Defendant from further engaging in the conduct

23 described above.

24      71.      As a direct and proximate result of Defendant's conduct alleged herein, Defendant

25 has been unjustly enriched and should be ordered to disgorge all profits earned as a result of such

26 unlawful conduct.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Epic prays for the following relief:

A.      That judgment be entered in Plaintiff's favor against Defendant on all claims;

B.      That Defendant and his officers, agents, representatives, servants, employees, heirs, successors, and assigns, and all others in active concert or participation with Defendant be preliminarily and permanently enjoined from:

        (a)      Infringing, inducing or enabling others to infringe Epic's copyrights in any manner whatsoever;

        (b)      Creating, writing, developing, advertising, promoting, and/or offering for sale or otherwise any software that infringes Epic's copyrights; and

        (c)      Unfairly competing with Epic in any manner whatsoever.

C.      An order requiring that Defendant immediately destroy all copies of Paragon or any derivative work thereof;

D.      An order requiring that Defendant immediately destroy all copies of the Paragon software hack;

E.      An award to Plaintiff of restitution and damages, including, but not limited to, liquidated, compensatory, statutory (including enhanced statutory damages for willful infringement), punitive damages, and all other damages permitted by law;

F.      That Plaintiff be awarded pre-judgment and post-judgment interest on all damages awarded against Defendant;

G.      An award to Plaintiff of its costs incurred in this suit, including, but not limited to, reasonable attorneys' fees; and

H.      For such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

COMPLAINT

DATED: June 16, 2016                    **PERKINS COIE** LLP


By:      */s/ Andrew N. Klein*
       William C. Rava (*pro hac vice* forthcoming)
       WRava@perkinscoie.com
       Andrew N. Klein, CA Bar No. 300221
       AKlein@perkinscoie.com

Attorneys for Plaintiff EPIC GAMES, INC.