| | |
|---|---|
| 1 | William C. Rava (*pro hac vice* forthcoming) |
| | WRava@perkinscoie.com |
| 2 | PERKINS COIE LLP |
| | 1201 Third Avenue, Suite 4900 |
| 3 | Seattle, WA  98101 |
| | Telephone:  206.359.8000 |
| 4 | Facsimile:  206.359.9000 |
| 5 | Andrew N. Klein, CA Bar No. 300221 |
| | AKlein@perkinscoie.com |
| 6 | PERKINS COIE LLP |
| | 3150 Porter Drive |
| 7 | Palo Alto, CA  95130 |
| | Telephone:  650.838.4300 |
| 8 | Facsimile:  650.838.4350 |
| 9 | Attorneys for Plaintiff |
| | EPIC GAMES, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC., a Maryland corporation, | Case No.  3:16-cv-03380-EMC |
| Plaintiff, | **[PROPOSED] FINAL JUDGMENT** |
| v. | |
| ROBIN KREIBICH, an individual, | |
| Defendant. | |

-1-

[PROPOSED] FINAL JUDGMENT
Case No. 3:16-cv-03380-EMC

Plaintiff Epic Games, Inc. ("Epic") filed a complaint against Defendant Robin Kreibich ("Kreibich") in the United States District Court for the Northern District of California (the "Court") on June 16, 2016.  On July 27, 2016, the Court entered an order approving the parties' Stipulation and Permanent Injunction (the "Order").  Based on the Order, and good cause being shown, IT IS HEREBY ORDERED AND ADJUDGED:

1. This Court has jurisdiction over the parties and the subject matter at issue in this action.

2. The claims in this action are dismissed with prejudice.

3. Each party shall bear its own attorneys' fees and costs.

4. **Permanent Injunction.**  Kreibich along with his agents, representatives, partners, joint venturers, servants, employees and all those persons or entities acting in concert or participation with him, shall be and hereby are PERMANENTLY ENJOINED and restrained from:

   a) imitating, copying, or making any other infringing use or infringing distribution of Paragon or any other works now or hereafter protected by any of Epic's copyrights;

   b) creating, writing, developing, advertising, promoting and/or distributing anything that infringes Epic's works now or hereafter protected by any of Epic's copyrights;

   c) engaging in any other activity constituting an infringement of any of Epic's copyrights, or of Epic's rights in, or right to use or exploit its copyrights;

   d) unfairly competing with Epic in any manner whatsoever; and

   e) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referenced in paragraphs 4(a) through 4(d) above.[1]

5. The Court shall retain jurisdiction to enforce this Final Judgment and the Order.

---

[1] Pursuant to agreement of the parties, a typographical error found in section 4(e) has been corrected.  That section now correctly refers to sections 4(a) through 4(d).

1 | **IT IS SO ORDERED.**

2 | DATED this <u>1st</u> day of <u>August</u>, 2016

*IT IS SO ORDERED*

*Judge Edward M. Chen*

UNITED STATES DISTRICT COURT JUDGE
NORTHERN DISTRICT OF CALIFORNIA

-3-

[PROPOSED] FINAL JUDGMENT
Case No. 3:16-cv-03380-EMC